Sarah G. Hartman (State Bar No. 281751)
**BROWN RUDNICK LLP**
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Phone:  949.440.0245
Fax:      949.252.1514
E-mail: shartman@brownrudnick.com

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood City, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Counsel for Defendant Juniper Networks, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Case No.  5:21-cv-07557-BLF<br>            5:21-cv-07558-BLF<br>            5:21-cv-07560-BLF<br>            5:21-cv-07561-BLF<br>            5:21-cv-07562-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:   March 3, 2022<br>Time:   11:00 AM<br>Judge:  Hon. Beth Labson Freeman<br><br>San Jose Courthouse<br>Courtroom 3 – 5th Floor<br>280 South 1st Street<br>San Jose, California 95113 |

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Case Nos. 5:21-cv-07557, -07558, -07560, -07561, -07562-BLF

On January 3, 2022, the Court ordered that "the cases are hereby STAYED during the pendency of *inter partes* review proceedings as to the '998, '656, and '140 Patents and the *ex parte* reexamination proceedings as to the '273 patent, with the exception that the scheduled Case Management Conference… set for March 3, 2022 SHALL remain set." Dkt. No. 120 (Order Staying Cases) at 15-16.

The parties to the above-entitled actions jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**I.     JURISDICTION & SERVICE**

The above-captioned cases are five actions filed by Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") against defendant Juniper Networks, Inc. ("Juniper") for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*., including §§ 271, 281, 284, and 285.  This Court has jurisdiction over the subject matter of these actions under 28 U.S.C. §§ 1331 and 1338(a).

These cases were transferred for convenience to this Court from the Western District of Texas on September 27, 2021.  This Court has personal jurisdiction over Juniper because Juniper's headquarters and principal place of business is within this District, in Sunnyvale, California.

No other parties remain to be served.

The cases are administratively related but not consolidated. Dkt. 104.[1] Juniper believes the cases should be consolidated, and intends to seek consolidation if the stay is lifted. Brazos intends to oppose Juniper's request for consolidation.

**II.    FACTS**

   **A.     Plaintiff's Statement**

Brazos filed its initial complaints in each of the above-referenced actions against Juniper in the Western District of Texas on September 4, 2020 and September 30, 2020, each alleging direct and indirect infringement of one patent —U.S. Patent Nos. 7,486,998; 7,518,990; 7,596,140; 7,620,273; and 8,284,656 (the "Asserted Patents") —in connection with Jupiter's manufacture, sale, offer for sale, or

---

[1] Citations to "Dkt." refer to the docket in Case No. 5:21-cv-07557-BLF, unless otherwise stated. Similar or identical filings are on the dockets for each of the other related cases.

use in the United States of certain electronic devices. Dkt. 1.1. The five Asserted Patents are unrelated patents pertaining to computer networking technology. The Accused Products include, but are not limited to:

### '998 Patent

Juniper switches supporting Juniper's Virtual Chassis technology, including, but not limited to:

- Juniper QFX Series switches, including model numbers QFX3500, QFX3600, QFX5100, and QFX5110; and
- Juniper's EX Series switches, including model number EX4300.

### '990 Patent

Juniper operations support systems (OSS) traffic management and traffic engineering solutions, including, but not limited to:

- WANDL IP/MPLSView.

### '140 Patent

Juniper products running the Junos OS operating system that support the Generic MPLS standard ("GMPLS"), including, but not limited to:

- Juniper QFX Series switches;
- Juniper EX Series switches;
- Juniper ACX Series Universal Metro routers;
- Juniper Packet Optical products; and
- Juniper Packet Optical Transport products.

### '273 Patent

Juniper products that connect ultra-long haul (ULR) optical signals to line cards, including, but not limited to:

- Juniper PTX3000 Series routers.

### '656 Patent

Juniper routing products that run Junos OS and support VPLS networks, including, but not limited to:

- Juniper MX Series routers; and
- Juniper SRX Series routers.

On November 16, 2020, Juniper filed Answers and Counterclaims. Dkt. 16. The parties then served initial infringement contentions and invalidity contentions, completed claim construction briefing, Dkts. 40, 43, 53, 60, 63, participated in a claim construction hearing, Dkt. 85, and received a claim construction order from the Court, Dkt. 87, which the Court and appointed technical advisor spent considerable time and resources evaluating, *see* Dkt. 86.

On April 28, 2021, Juniper filed a motion for judgment on the pleadings, seeking dismissal of Brazos's indirect infringement claims. Dkt. 48. In response, Brazos filed First Amended Complaints in each case providing additional details to its already sufficient allegations. No. 5:21-cv-07557-BLF, Dkt. 57; No. 5:21-cv-07558-BLF, Dkt. 49; No. 5:21-cv-07560-BLF, Dkt. 50; No. 5:21-cv-07561-BLF, Dkt. 54; No. 5:21-cv-07562-BLF, Dkt. 55.

On May 26, 2021, Juniper filed motions to dismiss the amended complaints. Dkt. 69; *see also* Dkts. 76 (opposition), 78 (reply). The following week, on June 4, 2021, fact discovery opened, Dkt. 31 at 3,2 and the parties served their first sets of discovery requests.  After exchanging some discovery, the parties served final infringement and invalidity contentions based on the Court's Claim Construction Order.

On September 27, 2021, the district court in the Western District of Texas ordered these actions transferred for convenience to this Court. Dkt. 95. Upon transfer, this Court issued an Order terminating any pending unresolved motions without prejudice. Dkt. 102. On October 18, 2021, Juniper refiled motions to dismiss in each of the above referenced cases. Dkt. 106. Brazos filed its opposition in response to Juniper's motions to dismiss on November 12, 2021. Dkt. 113.

On December 2, 2021, Juniper filed a motion to stay these actions, Dkt. 117, which the parties fully briefed. Dkt. 118 (opposition), Dkt. 119 (reply).  On January 3, 2022, this Court granted Juniper's motion to stay "during the pendency of the [USPTO's] *inter partes* review proceedings as to the '998, '656, and '140 Patents and the *ex parte* reexamination proceedings as to the '273 Patent." Dkt. 120 at

15-16. The Court vacated the case schedule, with the exception that the Case Management Conference will proceed on March 3, 2022 "so that a trial schedule can be established." *Id.* at 16.

B.   **Defendant's Statement**

Juniper is a leading provider of network security products.

Brazos filed seven complaints against Juniper in the Western District of Texas on September 4, 2020 and September 30, 2020, each alleging direct and indirect infringement of one patent —U.S. Patent Nos. 7,486,998; 7,518,990; 7,596,140; 7,620,273, 8,284,656, 7,382,781, and 8,953,499. Brazos was forced to dismiss the two cases involving the '781 and '499 patents with prejudice in view of certain Juniper prior art. Thus, five asserted patents remain at issue. While the five patents are not within the same patent family, Brazos has accused overlapping products and technology. Juniper contests Brazos's allegation that Juniper infringes any of the asserted patents, and also alleges that the patents are invalid.

On June 24, 2021, the Western District of Texas court issued a claim construction order for the six cases. *See* Dkt. No. 87. The two page order provides no analysis or rationale for the decisions on any of the eight terms that were in dispute, and for six of the eight terms merely states that they are given their "plain and ordinary meaning." *Id*.

The Western District of Texas action was ultimately transferred under 28 U.S.C. 1404(a) to the Northern District of California on September 28, 2021 pursuant to an order from the Federal Circuit. Transferred Action, Dkts. 94-95. Since the case was transferred to this Court, the parties have treated discovery as suspended until the Case Management Conference now scheduled for March 3, 2022.

All of the asserted claims of four of the five asserted patents are now the subject of post-grant validity proceedings before the United States Patent and Trademark Office. Specifically, *Inter partes* review ("IPR") has been instituted against the '998, '140, and '656 patents, and the '273 patent is subject to *ex parte* reexamination. Juniper anticipates that the Patent Office will begin issuing decision on the post-grant validity proceedings in approximately six months, by August 18, 2022. The only patent not subject to post-grant review— the '990 patent—is asserted against only one Juniper product that is no longer supported. https://support.juniper.net/support/eol/software/wandl/.

The table below identifies the current status of the post-grant validity proceedings and anticipated decision dates.

| IPR (Patent Challenged) | Status | Anticipated Decision Date |
|---|---|---|
| IPR2021-00538 ('140 patent) | Juniper filed its Reply to Patent Owner Response on February 2, 2022.<br><br>Brazos's Sur-Reply is due on March 16, 2022.<br><br>Oral argument (if requested) will be held on May 18. | August 17, 2022 (one year after institution) |
| IPR2021-00768 ('998 patent)<br>IPR2021-00769 ('656 patent) | Juniper's Reply to Patent Owner Response is due on May 9, 2022<br><br>Brazos's Sur-Reply is due on June 20, 2022<br><br>Oral argument (if requested) will be held on August 17, 2022 | November 22, 2022 (one year after institution) |
| Control No. 90/014,854 ('273 patent) | Patent Office issued a first Office Action rejecting all challenged claims on February 9, 2022.<br><br>Brazos's response to the Office Action is due on April 9, 2022. | If Brazos's response does not overcome the Patent Offices' rejection, a final Office Action will issue. |

III.  **LEGAL ISSUES**

The principal legal issues that the parties dispute are:

(a) Whether Juniper has infringed or not infringed any claim of the asserted patents;

(b) Whether Juniper has or has not induced, contributed, encouraged or aided others' infringement of the asserted patents;

(c) Whether the claims of the Patents-in-Suit are valid or invalid;

(d) The proper construction of disputed claim terms;

    (e) Whether Brazos's claims are barred, in whole or part, by the defenses advanced by Juniper;

    (f) Whether or not Brazos is entitled to recover damages from Juniper for any infringement;

    (g) Whether or not Brazos's damages are limited under 35 U.S.C. § 287; and

    (h) Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling either party to its reasonable attorneys' fees.

## IV.   MOTIONS

### A.   Plaintiff's Statement:

Plaintiff does not anticipate filing any motions while the cases are stayed.

### B.   Defendant's Statement:

At this time, Juniper has no motions pending. Juniper previously filed a motion to dismiss, which the Court terminated "without prejudice to refiling once the stay is lifted" on January 14, 2022. To the extent the stay is lifted, Juniper anticipates that summary judgment motions will be filed at least on the issues of infringement or non-infringement and invalidity. Juniper also anticipates filing a motion to consolidate the cases.

## V.   AMENDMENT OF PLEADINGS

The parties do not anticipate filing amended pleadings at this time.

## VI.   EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and are in the process of meeting and conferring pursuant to Federal Rule of Civil Procedure 26(f). The parties believe that negotiation of an ESI order and further discovery plan should occur when the Court issues an order lifting the stay.

## VII.   DISCLOSURES

Brazos served its initial disclosures on June 4, 2021, and Juniper served its initial disclosures on June 10, 2021.

## VIII.   DISCOVERY

The parties propose that a discovery schedule should set when the Court issues an order lifting the stay.

## IX. CLASS ACTION

Not applicable.

## X. RELATED CASES

The following *inter partes* review proceedings are pending:

- *Juniper Networks, Inc. v. WSOU Investments, LLC D/B/A Brazos Licensing and Development*, IPR2021-00538.
- *Ex Parte Reexamination*, Application/Control Number: 90/014,854
- *Juniper Networks, Inc. v. WSOU Investments, LLC D/B/A Brazos Licensing and Development*, IPR2021-00768.
- *Juniper Networks, Inc. v. WSOU Investments, LLC D/B/A Brazos Licensing and Development*, IPR2021-00769.

## XI. RELIEF

### A. Plaintiff's Statement:

Brazos requests the Court:

- Enter judgment that Juniper infringes one or more claims of each Asserted Patent literally and/or under the doctrine of equivalents.
- Enter judgment that Juniper has induced infringement and continues to induce infringement of one or more claims of each Asserted Patent.
- Enter judgment that Juniper has contributed to and continues to contribute to the infringement of one or more claims of each Asserted Patent.
- Award Brazos damages, to be paid by Juniper in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Juniper of each Asserted Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284.

- Declare this case exceptional pursuant to 35 U.S.C. § 285, and award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

B.  **Defendant's Statement:**

Juniper is seeking the following relief: (1) a declaration that Juniper has not infringed, induced others to infringe, or contributed to the infringement of any of the claims of the asserted patents; (3) a declaration that Brazos's asserted patents are invalid and unenforceable; (4) a finding that this case is exceptional and an award to Juniper of its attorneys' fees and expenses as provided by 34 U.S.C. § 285, and (5) an award of costs and expenses.

XII. **SETTLEMENT AND ADR**

The parties propose that they will select an ADR procedure when the Court lifts the stay.

XIII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Not applicable.

XIV. **OTHER REFERENCES**

Not applicable.

XV. **NARROWING OF ISSUES**

The parties do not request bifurcation of any issues.

XVI. **EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case is appropriate for the expedited trial procedures.

XVII. **SCHEDULING**

The parties propose that a schedule should be set once the Court issues an order lifting the stay. The Patent Office is expected to issue final written decisions in all of the IPRs no later than November 22, 2022, which is no later than one year after institution. *See* 35 U.S.C. § 316(a)(11).

XVIII. **TRIAL**

The parties have requested that this case be tried to a jury. The parties propose that the length of the trial be set when the Court issues an order lifting the stay.

XIX. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

### A. Plaintiff's Statement:

Brazos has filed a disclosure statement pursuant to Federal Rule of Civil Procedure 7 and in compliance with Local Rule 3-15, stating that WSOU Investments, LLC is a private corporation whose parent is WSOU Holdings, LLC. Neither is publicly traded.

### B. Defendant's Statement:

Juniper has filed its disclosure statement pursuant to Federal Rule of Civil Procedure 7 and Local Rule 3-15. Defendant Juniper Networks, Inc. ("Juniper") hereby discloses that two publicly held corporations (Dodge & Cox and The Vanguard Group) own 10% or more of Juniper Networks Inc.'s stock. Defendant Juniper Networks, Inc. is a publicly-traded corporation on Nasdaq (JNPR).

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines.

## XXI. OTHER

1. The parties believe it is appropriate to revisit proposals for any modifications to the Patent Local Rules at the time the Court lifts the stay.
2. The parties exchanged infringement and invalidity contentions in the Western District of Texas.
3. The parties have already participated in a claim construction hearing in the Western District of Texas and received a claim construction order from the Court. *See* Dkt. 87. If the stay is lifted, Juniper intends to ask the Court for further limited claim construction before this Court. Brazos intends to oppose that request.
4. The parties would be happy to provide a technology tutorial to the Court.
5. **Brazos's statement:**
    To provide the Court with a non-binding, good faith estimate of the damages range expected for the cases, Brazos would need to obtain further discovery from Juniper, including consumer surveys, expert analyses, publicly available data, other third party research, team meeting notes, development notes, etc. that speak to the value provided by the patented

features. Brazos expects that it would be able to provide the Court with an estimate after discovery resumes.

6. **Juniper's Statement:**

Juniper has produced revenue and cost information for the accused products and does not agree that Brazos is unable to provide a good faith estimate of the damages range. If the stay is lifted, Juniper intends to ask the Court to require Brazos to serve Damages Contentions Pursuant to Patent Local Rule 3-8. Juniper is unable to provide an estimate of the damages range expected in this case given the uncertainty of which patents will remain in the case. For the one patent that is not subject to post-grant validity proceedings, the revenues associated with the product are very low and the accused product has been phased out and is no longer supported by Juniper.

Dated: February 24, 2022

Respectfully submitted,

*/s/ Sarah G. Hartman*
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
**BROWN RUDNICK, LLP**
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Phone:  949.752.7100
Fax:      949.252.1514

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

Dated: February 24, 2022

Respectfully submitted,

 */s/ Todd M. Briggs*
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood City, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Counsel for Defendant Juniper Networks, Inc.*

**ATTESTATION**

Counsel for Plaintiff hereby attests by her signature below that concurrence in the filing of this document was obtained from counsel for Defendant.

Dated: February 24, 2022  BROWN RUDNICK, LLP

By: */s/ Sarah G. Hartman*
Sarah G. Hartman
Attorney for Plaintiff

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____   _____
The Honorable Beth Labson Freeman
U.S. District Court Judge
Northern District of California